IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


ROBERT L. MACKEY,                    :

      Petitioner,                 :

      vs.                         :

TIMOTHY BRUNSMAN,                    :

      Respondent.                 :

Case No. 3:09cv255

JUDGE WALTER HERBERT RICE

---

DECISION AND ENTRY OVERRULING PETITIONER'S MOTION TO
CONSTRUE PETITION, IN THE ALTERNATIVE, AS INVOKING THE
AUTHORITY OF 28 U.S.C. § 2241 OR AS HAVING BEEN BROUGHT
PURSUANT TO ARTICLE I, SECTION 9, CLAUSE 2 OF THE UNITED
STATES CONSTITUTION AND/OR TO AMEND PETITION (DOC. #18);
DECISION AND ENTRY OVERRULING PETITIONER'S MOTION TO
STAY AND TO ABEY PROCEEDINGS (DOC. #21); EXPANDED OPINION
SETTING FORTH REASONING AND CITATIONS OF AUTHORITY IN
SUPPORT OF DECISION OF SEPTEMBER 28, 2010 (DOC. #17),
ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES
MAGISTRATE JUDGE (DOC. #13), OVERRULING PETITIONER'S
OBJECTIONS (DOC. #15) TO THE REPORT AND RECOMMENDATIONS
AND GRANTING RESPONDENT'S MOTION TO DISMISS (DOC. #4);
JUDGMENT TO BE ENTERED IN FAVOR OF RESPONDENT AND
AGAINST PETITIONER; CERTIFICATE OF APPEALABILITY AND
ANTICIPATED REQUEST TO APPEAL IN FORMA PAUPERIS GRANTED;
TERMINATION ENTRY

---

      On September 3, 1998, a jury in the Clark County, Ohio, Common Pleas

Court found the Petitioner Robert L. Mackey ("Petitioner" or "Mackey") guilty of a

number of criminal offenses.  On September 28, 1998, a judgment entry was filed

in that court, sentencing the Petitioner to a term of 28 years of incarceration. He was not, however, informed of the length of time he would be required to serve on postrelease control after his term of incarceration had ended. Mackey appealed his conviction and sentence to the Second District Court of Appeals; however, when his counsel neglected to file a brief in timely fashion, that court dismissed his appeal on February 25, 1999, for lack of prosecution. Petitioner did not seek review by the Ohio Supreme Court of the dismissal of his appeal, his conviction or his sentence.

On September 12, 2007, Mackey, through new counsel, filed a motion in the Second District Court of Appeals, seeking to reopen his appeal in accordance with Rule 26(B) of the Ohio Rules of Appellate Procedure. On June 11, 2008, that court denied Petitioner's application to reopen, as untimely. In addition, on October 15, 2008, the Ohio Supreme Court denied his request for further review of the decision by the Second District Court of Appeals.

Represented by the same counsel who had represented him in the Rule 26(B) proceedings, Petitioner initiated this litigation, seeking a writ of habeas corpus and asserting 15 claims or grounds for relief in support thereof. See Doc.#1. This matter was referred to United States Magistrate Judge Sharon Ovington for a Report and Recommendations. During her initial review of this matter, in accordance with Rule 4 of the Rules Governing Habeas Corpus cases, Judge Ovington noted that Mackey's petition appeared to be barred by the applicable statute of limitations; however, she directed the Respondent to file a motion addressing the statute of limitations, given that Petitioner had alleged that the petition was not so barred as a result of equitable tolling. The Respondent filed a

- 2 -

Motion to Dismiss (Doc. #4), and, after the parties had briefed that motion, the Magistrate Judge recommended that this Court dismiss this litigation, as a result of being barred by the applicable statute of limitations. See Doc. #13.

The Petitioner objected to the Report and Recommendations of the Magistrate Judge (Doc. #15), and, in its Decision of September 28, 2010, this Court adopted the Report and Recommendations of the Magistrate Judge, overruled Petitioner's Objections and sustained the Respondent's Motion to Dismiss. See Doc. #17. Therein, the Court also indicated that it would file an Expanded Opinion, setting forth its reasoning and citations of authority to support that Decision. Before this Court could file that document, however, the Petitioner filed a Motion to Construe Petition, in the alternative, as Invoking the authority of 28 U.S.C. § 2241 or as Having Been Brought Pursuant to Article I, Section 9, Clause 2 of the United States Constitution and/or to Amend Petition (Doc. #18) and a Motion to Stay and to Abey Proceedings (Doc. #21). As a means of analysis, the Court will rule on Mackey's motions, in the above order, before setting forth its reasoning in support of its Decision of September 28, 2010 (Doc. #17).


I. Petitioner's Motion to Construe Petition, in the alternative, as Invoking the authority of 28 U.S.C. § 2241 or as Having Been Brought Pursuant to Article I, Section 9, Clause 2 of the United States Constitution and/or to Amend Petition (Doc. #18)

With this motion, Mackey argues that, since the state court judgment of his conviction entered in September, 1998, is void, he should have initially sought

- 3 -

relief under 28 U.S.C. § 2241, or the Suspension Clause of the Constitution, Art. I, Section 9, cl. 2, rather than under 28 U.S.C. § 2254, which he had relied upon. He requests that the Court so construe his Petition or that he be permitted to amend same to specify that it is being brought under § 2241 and the Suspension Clause.  The purpose of this motion is to ensure that a petition he might file after being resentenced in state court would not be treated as a second or successive petition under 28 U.S.C. § 2244(b).

Mackey's Petition is seemingly barred by the applicable, one-year statute of limitations, given that he did not initiate this litigation until more than eight years after his direct appeal to the Ohio Second District Court of Appeals had been dismissed.  In State v. Singleton, 124 Ohio St.3d 173, 920 N.E.2d 958 (2009), however, the Ohio Supreme Court discussed its earlier decisions in which it had held that a sentence, failing to inform the defendant of his obligation to serve a period of postrelease control and to provide for same in its judgment is void.[1]  In State v. Bezak, 114 Ohio St.3d 94, 868 N.E.2d 961 (2007), the Ohio Supreme Court held in the syllabus:

> When a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void.  The offender is entitled to a new sentencing hearing for that particular offense.

Petitioner has relied on Bezak and Singleton, when arguing that the statute of limitations has not yet begun to run, given that his sentence is void and he is entitled to a new sentencing hearing due to the failure of the Common Pleas Court

---

[1]The sentencing court must also inform the defendant that, if he violates the conditions of his release, his postrelease control can be revoked and he can be sentenced to an additional term of incarceration.

to comply with the requirements concerning postrelease control.  Mackey also contends that his Petition should be construed or amended to reflect that fact that it arises under § 2241 and the Suspension Clause, given that he is not being held in custody in accordance with a state judgment, since his state court judgment is void under <u>Singleton</u> and its forebears.  Section 2254 provides relief to those who are being held in custody pursuant to a state court judgment.  After the new sentencing hearing, to which he claims himself entitled, Mackey plans to exhaust other claims, and, as indicated, has filed the instant motion in order to ensure that any new claims he asserts, after the new sentencing proceeding and exhaustion of other, new claims in state court, would not be considered a second or successive petition.[2]

A little over a month ago, the Ohio Supreme Court undercut the Petitioner's strategy when it decided <u>State v. Fischer</u>, — Ohio St.3d —, — N.E.2d —, 2010 WL 5349851 (December 23, 2010).  The <u>Fischer</u> court held in the syllabus:

> 1.  A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of <u>res judicata</u>, and may be reviewed at any time, on direct appeal or by collateral attack.
>
> 2.  The new sentencing hearing to which an offender is entitled under <u>State v. Bezak</u> is limited to proper imposition of postrelease control.  (<u>State v. Bezak</u>, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus, modified.)
>
> 3.  Although the doctrine of <u>res judicata</u> does not preclude review of a void sentence, <u>res judicata</u> still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.

---

[2]The Sixth Circuit has held that the limitation on second or successive petitions, set forth in § 2244(b), is applicable only to petitions filed under § 2254, and not those seeking relief under § 2241.  <u>In Re Slaton</u>, 1998 U.S. App. Lexis 21690 (1998).

4. The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing.

In accordance with <u>Fischer</u>, principles of <u>res judicata</u> will prevent the Petitioner from raising any issues relating to his judgment of conviction and sentence, other than to the term of postrelease control imposed upon him.  More to the point, that decision eviscerates his argument that, since he is not being held in custody pursuant to a state court judgment, his petition must be construed as having been filed under § 2241 and/or the Suspension Clause.

Accordingly, the Court overrules Mackey's Motion to Construe Petition, in the alternative, as Invoking the authority of 28 U.S.C. § 2241 or as Having Been Brought Pursuant to Article I, Section 9, Clause 2 of the United States Constitution and/or to Amend Petition (Doc. #18).

II. Petitioner's Motion to Stay and to Abey Proceedings (Doc. #21)

Mackey filed this motion in reaction to the decision by the Ohio Supreme Court in <u>Fischer</u>.  With this motion, Petitioner requests that this Court stay the present litigation and hold it in abeyance, in order to permit him to exhaust his state remedies concerning certain claims.  Petitioner states that, before this Court's Decision of September 28, 2010, he did not intend to exhaust those state remedies.  As a result of that Decision, however, Mackey decided to exhaust his state remedies and began that process by seeking a new sentencing hearing in state court, after which he will appeal.[3]  He requests that the Court stay

---

[3]Of course, in accordance with <u>Fischer</u>, Petitioner will only be able to obtain appellate review from Ohio's Second District Court of Appeals of any term of

proceedings pending the exhaustion of his state law claims.[4]  For reasons which

follow, this Court rejects this request.

In Rose v. Lundy, 455 U.S. 509 (1982), the Supreme Court held that federal

courts are forbidden from adjudicating "mixed petitions," that is petitions under

§ 2254 which contain exhausted and unexhausted claims.  In Rose, the Court held

that, when faced with a mixed petition, a federal court must provide the petitioner

with the option of dismissing his petition, without prejudice, pending exhaustion of

the unexhausted claims, or amending his petition to delete the unexhausted claims.

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court noted that federal

courts possess a third option, permitting them to stay proceedings and hold them

in abeyance, pending exhaustion of unexhausted claims.

The exhaustion requirement is codified in § 2254(b)(1), which provides:

(b)(1) An application for a writ of habeas corpus on behalf of a person in
custody pursuant to the judgment of a State court shall not be granted
unless it appears that—
>     (A) the applicant has exhausted the remedies available in the courts of
>     the State; or
>     (B)(i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect
>     the rights of the applicant.

In Gray v. Netherland, 518 U.S. 152 (1996), the Supreme Court discussed the

exhaustion requirement:

_____

postrelease control imposed upon him.

[4]In addition to his direct appeal, which was dismissed for want of prosecution on
February 25, 1999, Mackey, in accordance with Rule 26(B) of the Ohio Rules of
Appellate Procedure, filed a motion to reopen his direct appeal in the Second
District Court of Appeals on September 12, 2007.  That court dismissed the
motion as untimely and the Ohio Supreme Court denied further review.

[The exhaustion requirement] "refers only to remedies still available at the time of the federal petition," <u>Engle v. Isaac</u>, 456 U.S. 107, 125, n. 28 (1982)[;] it is satisfied "if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law, <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989).

<u>Id</u>. at 161-62.

Herein, the Petitioner has not identified which of the 15 claims he set forth in his Petition (Doc. #1) has not been exhausted and what state remedies are available to him. On the contrary, it appears that Mackey does <u>not</u> have any state remedies available to him. His direct appeal was dismissed nearly 12 years ago, and his effort to reopen that appeal, some eight and one-half years later, has been rejected as untimely. Although he will have the right to file an appeal from any new sentencing proceeding, that appeal will be limited to challenging the imposition of a term of postrelease control. <u>Fischer</u>, <u>supra</u>. Moreover, while Ohio does provide criminal defendants the opportunity of seeking collateral review of a criminal conviction, by filing a petition for postconviction review under § 2953.21 of the Ohio Revised Code, that statute has a limitations period which requires that such petitions be filed within 180 days of the filing of the transcript in the petitioner's direct appeal. Ohio Rev. Code § 2953.21(A)(2). <u>See also</u> <u>State v. Boynton</u>, 2010 WL 5239182 (Ohio App. 2010). Herein, since the transcript was filed in Mackey's direct appeal on November 3, 1998, more than 180 days have elapsed since the filing of the transcript. Therefore, it does not appear that the state remedy of postconviction relief is available to the Petitioner.[5]

---

[5]In his Reply Memorandum (Doc. #24), filed on January 26, 2010, Petitioner raises an issue he did not raise in his motion, to wit: that the stay and abey procedure he requests is not applicable to mixed petitions alone. Given that Mackey failed to raise that argument in his motion, he has waived that argument. <u>See</u> e.g., <u>United</u>

Given that state remedies do not exist for Petitioner's 15 claims, there is no reason to stay the proceedings herein. Accordingly, the Court overrules Mackey's Motion to Stay and to Abey (Doc. #21).

Having overruled Mackey's motions, this Court sets forth the reasoning and citations of authority which support its Decision of September 28, 2010 (Doc. #17).

Judge Ovington recommended that this Court dismiss the Petitioner's request for a writ of habeas corpus, because it is barred by the applicable statute of limitations for habeas corpus cases, 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

States v. Williams, 544 F.3d 683, 690 (6th Cir. 2008) (noting that a party waives an argument by failing to include it in his opening brief). Moreover, the Supreme Court decision upon which Petitioner bases this argument, Pace v. DiGuglielmo, 544 U.S. 408 (2005), does not support his request for a stay of this litigation. The Pace Court held that, since the state court had held that state post-conviction proceeding was barred by the state statute of limitations, that proceeding had not been "properly filed," and that, therefore, he could not take advantage of the tolling provision set forth in § 2244(d)(2). Accordingly, the Court concluded that Pace's petition for a writ of habeas corpus under § 2254 was barred by statute of limitations. In the course of its opinion, the Pace Court rejected the petitioner's argument that its interpretation of the statute was unfair, because he could in good faith attempt to exhaust his state law remedies for years, only to find out that they are barred by the statute of limitations, and, therefore, that any attempt to exhaust was not "properly filed," noting that someone in Pace's position could file a protective petition under § 2254, and seek a stay pursuant to Rhines.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Herein, Petitioner's appeal to the Second District Court of Appeals was dismissed on February 25, 1999. In accordance with Rule II, § 2(A) of the Ohio Supreme Court Rules of Practice, Petitioner had 45 days in which to file a Notice of Appeal in the Ohio Supreme Court. As a consequence, Mackey had until April 12, 1999, in which to file his appeal,[6] and the one-year statute of limitations would seem to have begun to run the following day. Therefore, the instant petition appears to be barred, as untimely.[7]

Petitioner, nevertheless, argues that this litigation is not barred by the statute of limitations, because the sentence imposed upon him in September, 1998, is void, given the failure of the sentencing judge to adequately inform him about postrelease control.[8] For present purposes, this Court accepts Petitioner's

---

[6]In actuality, the 45th day was April 11, 1999; however, since that date was a Sunday, Petitioner had until the following day, April 12th, in which to file his notice of appeal.

[7]The Petitioner's invocation of Rule 26(B), more than eight years after his time to appeal to the Ohio Supreme Court had expired, did not provide him an additional year in which to bring a petition fore a writ of habeas corpus under § 2254. See Searcy v. Carter, 246 F.3d 515, 519 (6th Cir. 2001).

[8]Mackey also argues that his petition is not barred by the statute of limitations, because a state-created impediment, the abandonment of his appeal by his

- 10 -

assertions that the sentencing judge violated Ohio state law by failing to advise him about mandatory postrelease control during the sentencing hearing and that, as a matter Ohio state law, that failure renders the judgment entered against him in September, 1998, a nullity and void.  Mackey does not seek a writ of habeas corpus for those assumed violations of state law, however, for it is well-established that a federal court cannot base the grant of a writ on a violation of state law.  See e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Rather, Petitioner contends that the violations of state law mean that the statute of limitations has not yet begun to run.  This Court cannot agree.

In Frazier v. Moore, 252 Fed. Appx. 1 (6th Cir. 2007), the Sixth Circuit addressed an analogous factual setting and concluded that the fact that the judgment entered by an Ohio court in a criminal prosecution was invalid, as a matter of state law, did not prevent the one-year statute of limitations governing federal habeas cases from beginning to run.  Therein, petitioner John Frazier ("petitioner" or "Frazier") had been indicted on, inter alia, two counts of aggravated murder with death penalty specifications.  After the petitioner waived his right to a jury and agreed to be tried by a three-judge panel, he entered guilty pleas to one count of aggravated murder and one count of aggravated robbery, in return for which the prosecutor agreed not to seek the death penalty.  The three-judge panel

---

appointed counsel in the Second District Court of Appeals, prevented the statute of limitations from beginning to run, as provided by § 2244(d)(1)(B).  This Court rejects that assertion for the reasons set forth in a portion of the Report and Recommendations (Doc. #13), which, after a de novo review, it has adopted.  In addition, Mackey contends that Judge Ovington erred in failing to conclude that the doctrine of equitable tolling prevented his petition from being barred by the statute of limitations.  Once again, this Court rejects that assertion for the reasons set forth in the Report and Recommendations (Doc. #13).

then held a mitigation hearing, during which it asked for clarification on the terms of the plea agreement. Three days later, the three-judge panel heard oral argument on the plea agreement, after which the panel rejected same. Thereafter, Frazier filed a motion to dismiss the indictment on the grounds of double jeopardy. The three-judge panel overruled his motion, and the Fairfield County Court of Appeals dismissed his appeal, concluding that a decision refusing to dismiss an indictment, because it is barred by double jeopardy, is not a final appealable order, following which the Ohio and United States Supreme Courts denied his efforts for further appellate review.

The petitioner then sought a writ of habeas corpus in the District Court for the Southern District of Ohio on July 24, 1995. On August 8, 1995, that court granted the requested writ, ordering that Frazier be sentenced to one of the penalties contained in the Ohio Revised Code for aggravated murder, other than the death penalty. On May 16, 1996, a single judge of the Fairfield County, Ohio, Common Pleas Court conducted a sentencing hearing and sentenced him to 30 years to life on the aggravated murder charge, without the possibility of parole for 30 years, and an additional minimum of 10 years for the aggravated robbery charge, to be served consecutively with the sentence for aggravated murder. Frazier did not appeal; however, nearly six years later, he filed a motion for delayed appeal, and, after that motion was denied, a number of requests for habeas corpus from Ohio courts, arguing that the single judge lacked jurisdiction to sentence him.

After his requests for habeas corpus were rejected by the state courts, he filed an action in the District Court, seeking a writ of habeas corpus. The District

Court dismissed the action as barred by the statute of limitations, § 2244(d), and

the Sixth Circuit affirmed, explaining:

> ... Frazier next argues that there was no judgment in his case because of the Court of Common Pleas' failure to comply with Ohio Revised Code § 2945.06. Section 2945.06 requires that "[i]f the accused pleads guilty to aggravated murder, a court composed of <u>three</u> judges <u>shall</u> examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense, and pronounce sentence accordingly." (emphasis added). <u>See also</u> <u>State v. Green</u>, 81 Ohio St.3d 100, 689 N.E.2d 556, 559 (Ohio 1998); Ohio Criminal Rule 11. Under this law, an Ohio trial court must determine whether the accused is guilty beyond a reasonable doubt when accepting his guilty plea. <u>Green</u>, 689 N.E.2d at 559.

> Yet, even if Frazier is correct that a failure by the trial court to engage in such an inquiry means that his judgment was defective, that does not lead to the conclusion that there was no judgment for the purpose of § 2244(d)'s one year statute of limitations. Many of the petitions cognizable on federal habeas review challenge the validity of the underlying state court judgment. The fact that the state court judgment may have been procured in violation of state or federal law does not, however, render the judgment null under § 2244(d). This is revealed by an examination of § 2244(d) and the practice that has developed thereunder. First, the language of the statute requires only custody "pursuant to the judgment of a state court." Nothing in the text requires that the judgment be valid under state or federal law.

> Furthermore, the validity of a judgment as a matter of state law is for the state to determine. Federal courts only adjudicate questions of federal law. <u>See</u> <u>Bell v. Arn</u>, 536 F.2d 123, 125 (6th Cir. 1976). To the extent that Frazier claims that the Ohio judgment is invalid under state law, that claim is not cognizable on habeas review.

>           \*               \*               \*

> In the present case, we find that the Ohio court's actions were sufficient to constitute a judgment for purposes of the one year statute of limitations of § 2244(d). At the sentencing hearing on May 16, 1996, Frazier reaffirmed his plea of guilty and again waived his right to a jury trial. The Court of Common Pleas accepted that such a plea was made knowingly, voluntarily, and intelligently. The court proceeded to pronounce a sentence which was then entered upon the court's docket sheet. On May 24, 1996, an Entry of Sentence Nunc Pro Tunc was made part of the record. In our view, these acts were sufficient to constitute a judgment.

> As Frazier is in custody pursuant to a judgment of the Ohio courts, even if that judgment may not be valid under state law, he is subject to 28 U.S.C. § 2244(d)'s one year statute of limitations in filing his federal habeas

petition.  The statute of limitations for filing his habeas petition began to accrue on June 15, 1996[,] when the time for appealing his May 16, 1996 sentence elapsed.  The statute of limitations period expired on June 15, 1997.  Frazier did not file his petition in the instant case until December 7, 2005.  Thus, the district court correctly concluded that Frazier's petition was untimely.

Id. at 5-6.  See also United States v. Aguilar-Diaz, 626 265 (6th Cir. 2010) (before Fischer was decided, holding that Singleton did not permit a defendant to argue that, since a conviction under state law was void for failure to comply with warnings concerning mandatory postrelease control, that conviction could not be considered when computing the appropriate guideline range).

The principles adopted by the Sixth Circuit in Frazier are applicable herein, even though the reasons for the invalidity of the judgment under state law differs. Herein, the Petitioner was sentenced by the Clark County Common Pleas Court, and a judgment setting forth his sentence was subsequently filed.  Therefore, he was in custody pursuant to a judgment of a state court, even though that judgment may have been invalid under state law.  Accordingly, the Court rejects the Petitioner's assertion that the statute of limitations has not yet begun to run, because the state court judgment was void and a nullity, as a matter of state law, given that the state court failed to adequately inform him about mandatory postrelease control.

In his Motion to Stay and to Abey (Doc. #21), the Petitioner cites and discusses Burton v. Stewart, 549 U.S. 147 (2007) (per curium), a decision he had not previously cited in this litigation.  The Court will set forth its reasons for concluding that Burton does not cause it to alter its Decision of September 28, 2010 (Doc. #17).

- 14 -

In Burton, the petitioner was convicted and sentenced by an Oregon state court in 1994. The state appellate court vacated that sentence, and the petitioner was resentenced by the state court in March, 1998. In December, 1998, after he had been resentenced and while that matter was on appeal in state court, he initiated a proceeding under § 2254 in federal court, challenging his 1994 conviction. He was denied relief in that proceeding. After state proceedings concerning his 1998 sentence had been completed, he sought habeas relief in 2002, once again under § 2254. After he had been denied relief on the merits by the District Court and the Ninth Circuit, the Supreme Court granted further review to examine a question related to the merits. However, rather than address that issue, the Court concluded that the District Court had lacked jurisdiction over the matter, because it was a second or successive petition, which petitioner had not obtained permission to file. In the course of its opinion, the Burton Court rejected the petitioner's argument that he was required to file his initial petition in 1998, in order to avoid claims arising out of his conviction being barred by the statute of limitations, writing:

> Burton finally contends that had he not filed the 1998 petition when he did, and instead waited until state review of his sentencing claims was complete, he risked losing the opportunity to challenge his conviction in federal court due to AEDPA's 1-year statute of limitations. See § 2244(d)(1). But this argument misreads AEDPA, which states that the limitations period applicable to "a person in custody pursuant to the judgment of a State court" shall run from, as relevant here, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). "Final judgment in a criminal case means sentence. The sentence is the judgment." Berman v. United States, 302 U.S. 211, 212 (1937). Accordingly, Burton's limitations period did not begin until both his conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review"—which occurred well after Burton filed his 1998 petition.

- 15 -

Id. at 156-57.

In Magwood v. Patterson, — U.S. —, 130 S.Ct. 2788 (2010), Magwood was convicted of a capital offense and sentenced to death. After exhausting his state remedies, he sought a writ of habeas corpus in federal court and was granted relief in the form of a new sentencing hearing. After that proceeding had been concluded and the death penalty had been imposed, Magwood sought a second writ of habeas corpus, which the District Court granted. On appeal, the Eleventh Circuit reversed, concluding that Magwood's second request for a writ of habeas corpus was a forbidden second or successive petition. On further review, the Supreme Court reached the opposite conclusion. The Magwood Court distinguished Burton, given that Burton had been sentenced in 1998 and his appeal was pending, when he initially sought a writ. In contrast, Magwood involved a new judgment intervening between the two petitions, i.e., the state court's judgment after the second sentencing hearing. The Magwood Court held that Burton was inapplicable when there is an intervening judgment. This litigation is analogous to Magwood, given that Mackey sought relief under § 2254, long before he was resentenced in state court, a proceeding which the record does not reflect has ever occurred. Therefore, this litigation is governed by Magwood rather than by Burton.

In his Objections, Petitioner also argues that Judge Ovington erroneously recommended dismissal of his Third and Fifth Grounds for Relief, which focus upon Petitioner's proceedings under Rule 26(B) before the Second District Court of Appeals. With his Third Ground for Relief, Mackey alleges that he was denied due process, equal protection and the right to counsel by the refusal of the Second

District Court of Appeals to reopen his appeal under Rule 26(B). See Doc. #1 at 9. With his Fifth Ground for Relief, Mackey alleges that Rule 26(B) is unconstitutional on its face and as applied. Id. at 12-13. The Court discusses those two Grounds for Relief in the above order.

The Petitioner's Third Ground for Relief is not cognizable in a habeas corpus proceeding, given that his Rule 26(B) proceeding was part of the state post-conviction relief proceedings. See e.g., Lopez v. Wilson, 426 F.3d 339 (6th Cir. 2005) (en banc) (holding that a proceeding under Rule 26(B) is a post-conviction remedy, rather than part of the direct review); Cress v. Palmer, 484 F.3d 844, 853 (6th Cir. 2007) (holding that a petition for a writ of habeas corpus does not provide a remedy for errors or deficiencies occurring during post-conviction proceedings); Roe v. Baker, 316 F.3d 557, 571 (6th Cir. 2002) (same), cert. denied, 540 U.S. 853 (2003); Alley v. Bell, 307 F.3d 380, 386-87 (6th Cir. 2002) (same), cert. denied, 540 U.S. 839 (2003).

As to the Petitioner's Fifth Ground for Relief, a holding that Rule 26(B) is unconstitutional would not provide Mackey with any type of relief herein, given that it is a post-conviction remedy which the state is not, as a matter of federal constitutional law, required to provide. Rather, such a holding would merely eliminate a Rule 26(B) proceeding as an independent and adequate state ground, preventing this Court from addressing the merits of Petitioner's claims of ineffective assistance of appellate counsel. Since this Court has concluded that it is barred by the statute of limitations from addressing the merits of the Petitioner's claims, a ruling on the constitutionality of Rule 26(B) would constitute nothing more than an advisory opinion. It is axiomatic that federal courts lack the power to

- 17 -

issue such opinions. See e.g., Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (reiterating that federal courts have "neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them") (internal quotation marks and citation omitted); Hayburn's Case, 2 Dall. 409 (1792), as interpreted in Muskrat v. United States, 219 U.S. 346, 351-353 (1911); Morgan v. Keisler, 507 F.3d 1053, 1060 (6th Cir. 2007) (same). That limitation on the jurisdiction of federal courts flows inexorably from the statement in Article III, § 2 of the Constitution that the judicial power extends to cases or controversies. Preiser, 422 U.S. at 401. Moreover, the Supreme Court "has frequently repeated that federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (citing Local No. 8-6, Oil Chemical and Atomic Workers Intern. Union v. Missouri, 361 U.S. 363, 367 (1960)). In Rice, the Supreme Court explained:

> To be cognizable in a federal court, a suit must be definite and concrete, touching the legal relations of parties having adverse legal interests. ... It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

404 U.S. at 246. See also Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).

Accordingly, the Court rejects the Petitioner's assertion that the Magistrate Judge erroneously recommended that the Court dismiss his Third and Fifth Grounds for Relief.

ACCORDINGLY, this Court adopts the Report and Recommendations (Doc. #13) of the Magistrate Judge, as supplemented herein, overrules the Petitioner's Objections (Doc. #15) thereto, and sustains the Respondent's Motion to Dismiss (Doc. #4).  Accordingly, the Court orders that judgment be entered in favor of Respondent and against Petitioner, dismissing the instant petition for a writ of habeas corpus.

In Slack v. McDaniel, 529 U.S. 473 (2000), the Supreme Court addressed the issue of when a petitioner can obtain a certificate of appealability, when his petition has been denied on procedural grounds, writing:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Id. at 484.  Herein, reasonable jurists would find it debatable as to whether the Petitioner has stated a valid claim that he was denied effective assistance of appellate counsel, as a result of her abandoning his appeal.  In addition, given the change in the law of Ohio and the paucity of authority on point, reasonable jurists would find the correctness of this Court's decision that the Petitioner's claims are barred by the statute of limitations to be debatable.  Accordingly, the Court grants the Petitioner a certificate of appealability as to the first claim in his Petition (Doc. #1), the claim which raises the issue of ineffective assistance by appellate counsel, and grants leave to appeal in forma pauperis.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

February 11, 2011

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.