IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT L. MACKEY, :

    Petitioner, :

                                    Case No. 3:09cv255

vs. :

                                    JUDGE WALTER HERBERT RICE

TIMOTHY BRUNSMAN, :

    Respondent. :

---

DECISION AND ENTRY OVERRULING PETITIONER'S MOTION TO
ALTER OR AMEND JUDGMENT (DOC. #27)

---

In this litigation, Petitioner Robert L. Mackey ("Petitioner" or "Mackey") requested a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 11, 2011, this Court filed its Decision denying Petitioner the requested relief. See Doc. #25. This matter is now before the Court on the Petitioner's timely motion filed in accordance with Rule 59(e) of the Federal Rules of Civil Procedure, seeking to alter or to amend that judgment. For reasons which follow, this Court overrules the Petitioner's Motion To Alter or Amend Judgment (Doc. #27).

As an initial matter, the Respondent argues that this Court is without jurisdiction to rule on the Petitioner's motion, given that he filed a Notice of Appeal, shortly after submitting his motion, which, according to Respondent, vested jurisdiction in the Sixth Circuit Court of Appeals. This Court cannot agree

with the Respondent. Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides:

> (4) Effect of a Motion on a Notice of Appeal.
>
> (A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> \* \* \*
>
> (iv) to alter or amend the judgment under Rule 59;
>
> \* \* \*
>
> (B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

As can be seen, Rule 4(a)(4) anticipates what has occurred in this litigation. The Petitioner filed his timely motion under Rule 59(e), after which he filed a Notice of Appeal. Under Rule 4(a)(4), the Petitioner's Notice of Appeal does not become effective and, thus, divest this Court of jurisdiction until this Court has ruled upon that motion. See Dixon v. Clem, 492 F.3d 665, 679-80 (6th Cir. 2007). Indeed, if, as Respondent argues, the Notice of Appeal divested this Court of jurisdiction to rule on the Petitioner's motion, Rule 4(a)(4) would place this litigation in a status of virtual renvoi, given that this Court would be unable to rule on his motion for lack of jurisdiction and the Sixth Circuit could not act on his appeal, since Petitioner's Notice of Appeal would not become effective until this Court had disposed of the motion. Accordingly, this Court rejects the Respondent's assertion that it is without jurisdiction to rule on Mackey's motion and turns to the merits of same.

On September 3, 1998, a jury in the Clark County, Ohio, Common Pleas Court found the Petitioner guilty of a number of criminal offenses. On September

28, 1998, a judgment entry was filed in that court, sentencing the Petitioner to a term of 28 years of incarceration.[1] He was not, however, informed of the length of time he would be required to serve on postrelease control at the conclusion of his term of incarceration. Mackey appealed his conviction and sentence to the Second District Court of Appeals; however, when his counsel neglected to file a brief in timely fashion, that court dismissed his appeal on February 25, 1999, for lack of prosecution. Petitioner did not seek review by the Ohio Supreme Court of the dismissal of his appeal, his conviction or his sentence. On September 12, 2007, Mackey, through new counsel, filed a motion in the Second District Court of Appeals, seeking to reopen his appeal in accordance with Rule 26(B) of the Ohio Rules of Appellate Procedure. On June 11, 2008, that court denied Petitioner's application to reopen, as untimely. In addition, on October 15, 2008, the Ohio Supreme Court denied his request for further review of the decision by the Second District Court of Appeals. Represented by the same counsel who had represented him in the Rule 26(B) proceedings, Petitioner initiated this litigation, seeking a writ of habeas corpus, under 28 U.S.C. § 2254, and asserting 15 claims or grounds for relief in support thereof. See Doc.#1. Notably, none of the Petitioner's claims relates to the failure of the Clark County Common Pleas Court to impose a term of postrelease control.

This Court has previously held that the applicable statute of limitations, 28 U.S.C. § 2244(d), barred the Petitioner's request for a writ of habeas corpus. See Doc. #25. Of present relevance, this Court rejected the Petitioner's assertion that

---

[1] Mackey was ordered to serve that term of incarceration consecutively to a 10-year term of imprisonment which had been imposed upon him in a different prosecution.

- 3 -

the statute of limitations had not yet begun to run, since the previous judgment entered against him in state court was void and a nullity, given that the Common Pleas Court had neglected to impose a term of postrelease control on him. To reach that conclusion, this Court relied upon State v. Fischer, 128 Ohio St.3d 192, 942 N.E.2d 332 (2010), wherein the Ohio Supreme Court had held in the syllabus:

> 1. A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.
> 2. The new sentencing hearing to which an offender is entitled under State v. Bezak is limited to proper imposition of postrelease control. (State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus, modified.)
> 3. Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.
> 4. The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing.

With his motion, Petitioner points out that he was given a de novo sentencing hearing by the Clark County, on February 8, 2011. That court sentenced him to the same 28-year term of incarceration, but ordered that sentence to run concurrently with a 10-year term of imprisonment that had been imposed upon him in a separate prosecution. When he was sentenced in 1998, he was ordered to serve the two sentences consecutively. Based upon the fact that he was afforded a de novo sentencing hearing, Petitioner argues that the time in which he had to appeal the judgment entered in 1998 did not begin to run until he

was recently resentenced.[2] As a consequence, Petitioner's argument continues, the statute of limitations on his habeas corpus claim has not expired.

This Court cannot agree. As an initial matter, although the Court agrees with Petitioner that, under Fischer, the failure to impose a term of postrelease control on him rendered his sentence reviewable at any time, by direct appeal or by collateral review, the only issue which could be so reviewed is the failure to impose the term of postrelease control. Thus, in accordance with Fischer, the only issue for the Clark County Common Pleas Court was the imposition of a term of postrelease control. It bears emphasis that the Petitioner is not challenging in this litigation either the failure of the Clark County Common Pleas Court to initially impose a term of postrelease control or the term of same that was imposed on him at his resentencing. Rather, with this litigation, Mackey is challenging the constitutionality of events that occurred during his trial, sentencing and appeal from September, 1998, through February 1999. The fact that the Clark County Common Pleas Court exceeded the jurisdiction bestowed upon it by the Ohio Supreme Court in Fischer, by, in effect, reducing the Petitioner's sentence—by making his 28-year sentence run concurrently with, rather that consecutively to,

---

[2]The Petitioner also asserts that this Court misinterpreted Magwood v. Patterson, — U.S. —, 130 S.Ct. 2788 (2010). See Doc. #27 at 4. This Court will not, while ruling on this motion filed in accordance with Rule 59(e), revisit its interpretation of Magwood. Rule 59(e) permits a court to alter or to amend its judgment when there has been "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." American Civil Liberties Union of Kentucky v. McCreary County, Ky., 607 F.3d 439, 450 (6th Cir. 2010), cert. denied, — U.S. —, 131 S.Ct. 1474 (2011). Quite simply, this Court's interpretation of Magwood does not constitute a clear error of law, nor is a reinterpretation of that decision required to prevent a manifest injustice.

his previously imposed 10-year sentence—does not alter the holding of the Ohio Supreme Court in <u>Fischer</u> or mean that the statute of limitations on his claim under § 2254 has been tolled since 1998.[3]

Based upon the foregoing, the Court overrules the Petitioner's Motion to Alter or Amend Judgment (Doc. #27).

The captioned cause remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

June 30, 2011

                                                            WALTER HERBERT RICE, JUDGE
                                                            UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.

---

[3] With his motion, Petitioner also argues that this Court improperly relied upon the decision of the Sixth Circuit in <u>Frazier v. Moore</u>, 222 Fed. Appx. 1 (6th Cir. 2007), since that decision is distinguishable. The Court need not address Petitioner's argument in that regard, given that, even if this Court had not cited or discussed <u>Frazier</u>, it would have reached the same conclusion that Petitioner's claims are barred by the applicable statute of limitations.